NOT FOR PUBLICATION (Doc. No. 7)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CAPITAL PIZZA HUTS, INC., | |
| Plaintiff, | |
| v. | Civil No. 11- 3872 (RBK/AMD) |
| | **OPINION** |
| ENJOY THE CITY NORTH, INC. d/b/a SAVE AROUND, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter arises out of a contract dispute between Plaintiff Capital Pizza Huts, Inc. ("Capital") and Defendant Enjoy the City North ("ETCN"). Presently before the Court is Defendant's: 1) motion to dismiss the Complaint based on enforcement of a forum selection clause, pursuant to Federal Rule of Civil Procedure 12(b)(6); 2) motion to dismiss Capital's claims sounding in fraud for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b); and 3) motion to dismiss Capital's prayer for attorney's fees. Because the Court finds that the underlying agreement between the parties contains a valid forum selection clause designating New York State Court as the proper forum for disputes arising out of the agreement, Defendants' motion to dismiss based on enforcement of the forum selection clause is granted. Since enforcement of the forum selection clause necessarily results in dismissal of Plaintiff's Complaint in its entirety, it is unnecessary to decide Defendant's alternative motions. The Court therefore dismisses Defendant's alternative motions without prejudice.

1

**I. BACKGROUND**

ETCN is a New York Corporation with offices in Binghamton, NY (Broome County). (*See* Compl. ¶ 6). Capital is a franchise of Pizza Hut, Inc. (a California Corporation), "which maintains its principal place of business in Wichita Kansas." (*Id.* at ¶¶ 5-6). ETCN "creates and sells coupon books that offer discounts on recreation, sporting events, retail services, and dining." (*Id.* at ¶ 7). In ETCN's South Jersey coupon book edition, ETCN included coupons for discounts at Pizza Hut stores owned by Capital. (*Id.* at ¶ 18).

Defendant moves to dismiss Capital's Complaint because a valid forum selection clause in the written agreement between ETCN and Capital mandates that any disputes between the parties be litigated in New York State Court. (Def.'s Br. at 1). A "Merchant Agreement" ("Agreement") was signed by agents of both parties on February 17, 2010. (*See* Compl. at ¶¶ 27-30). The Agreement specifically states that disputes are to be venued in the "County of Broome, in the State of New York." (*See* Compl. Ex. A).

**II. DISCUSSION**

Defendants argue that dismissal of this dispute is appropriate because the forum selection clause in the Agreement is valid and enforceable. (Def. Br. at 4-8.) Plaintiff argues in effect that because the situs of the dispute—including accrual of the cause of action—is in New Jersey, dismissal is inappropriate. (Pl. Br. at 5-16.) The Court agrees with the Defendants that the forum selection clause in the Agreement is enforceable and that dismissal is therefore warranted.

In federal courts, the effect of a contractual forum selection clause in a diversity case is determined by federal, not state, law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir.

1995). Under federal law, forum selection clauses are "presumptively valid" and enforceable. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983) (discussing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)), *cert. denied,* 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983). A party resisting a forum selection clause must make a "strong showing" that the clause is "unreasonable." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir.1991) (quoting *M/S Breman*, 407 U.S. at 10); *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F.Supp.2d 560, 564-65 (D.N.J.2000) (quoting *M/S Breman*, 407 U.S. at 10; *Reynolds Publishers, Inc. v. Graphics Fin. Group, Ltd.*, 938 F.Supp. 256, 263 (D.N.J.1996)). A forum selection clause is unreasonable if the party opposing it establishes "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal,* 709 F.2d at 202.

### A. Fraud or Overreaching

Plaintiff has not made a strong showing that the forum selection clause was the result of fraud or overreaching. Plaintiff alleges that the entire contract was a result of fraud in the inducement. Plaintiff argues that "[i]t would be illogical to enforce a provision of a contract when the mere existence of that contract is in question." Pl. Reply Br. at 5. However, a forum selection clause is unenforceable as a result of fraud only where assent to the clause itself, as opposed to the contract as a whole, is the product of fraud or coercion. *Moneygram Payment Sys., Inc. v. Consorcio Oriental, S.A.,* 65 Fed. Appx. 844, 847 (3d Cir.2003) (citing *Scherk v.*

*Alberto-Culver Co.,* 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)). Therefore, the forum selection clause cannot be invalidated on the ground of fraud.

**B. Public Policy**

Plaintiff has also not shown that the forum selection clause violates a strong public policy of New Jersey. In the brief in opposition to Defendant's motion to dismiss, Plaintiff did not address public policy concerns. Furthermore, Plaintiff only alleges common law clauses of action. To the extent that Plaintiff argues that public policy favors deciding questions under New Jersey law at home, that argument is without merit given that New Jersey law otherwise supports the validity of forum selection clauses. *See Cadapult Graphic,* 98 F.Supp.2d at 566 (citing cases). Moreover, because no New Jersey statutes are at issue, Plaintiff cannot claim that enforcement of the forum selection clause would contravene legislative policies in New Jersey.

Under New Jersey law, forum selection clauses are valid and enforceable. *See Cadapult Graphic,* 98 F.Supp.2d at 566 (citing *Caspi v. Microsoft Network, L.L.C.,* 323 N.J.Super. 118, 123, 732 A.2d 528 (App.Div. 1999); *McNeill v. Zoref,* 297 N.J.Super. 213, 219, 687 A.2d 1052 (App.Div. 1997); *Wilfred MacDonald, Inc. v. Cushman, Inc.,* 256 N.J.Super. 58, 63, 606 A.2d 407, *cert. denied,* 130 N.J. 17, 611 A.2d 655 (1992)). In fact, New Jersey law regarding forum selection clauses "substantially mirrors" federal law. *Id.* Furthermore, New Jersey public policy is not violated where the forum selection clause is the result of an arms-length negotiation, at least absent legislative intent to the contrary. *Cf. Kubis & Perszyk Assocs., Inc. v. Sun Microsystems, Inc.,* 146 N.J. 176, 680 A.2d 618, 626 (N.J.1996) (holding invalid forum selection clauses in contract subject to the New Jersey Franchise Practices Act, N.J.S.A. § 56:10-1 to -15, but noting "[a] significant difference exists between the function of a forum-selection clause in

an arms-length commercial contract and its function in a typical contract subject to the Franchise Act.").

In this dispute, Plaintiff has not shown which public policy will be violated through enforcement of the forum selection clause in the Agreement. *Cf. Heartland Payment Sys., Inc. v. Commer,* No. 07-2348, 2007 WL 3275097, at *2 (D.N.J. Nov.5, 2007) (denying motion to transfer where party resisting forum selection clause did "not identif[y] any public policy rationale . . . that sufficiently rebuts the presumption that the forum selection clause should be enforced"). Therefore, the forum selection clause cannot be invalidated on public policy grounds.

**C. Inconvenience**

Finally, Plaintiff has also not made a strong showing that the enforcement of the forum selection clause would be sufficiently inconvenient to warrant the clause's nonenforcement. Defendant is a New York corporation with its offices in Binghamton, New York, in Broome County. Def's Br. at 1. Clearly, the forum chosen in the contract bears a reasonable relationship to the Defendant.

To succeed on an inconvenience argument, a Plaintiff must show that enforcement of the forum selection clause would result in litigation in a jurisdiction "so seriously inconvenient as to be unreasonable." *Coastal*, 709 F.2d at 202. Plaintiff argues that the New York forum is inconvenient because the transactions at issue occurred in New Jersey. Plaintiff asserts that it has been "forced to honor coupons" in "nineteen (19) Capital Pizza Huts restaurants" in Southern New Jersey. Pl. Reply Br. at 6. However, Plaintiff is a Kansas corporation. To the extent that proceeding in New York is less convenient than proceeding in New Jersey because of travel or

otherwise, Plaintiff's argument is not sufficiently strong. Furthermore, Plaintiff has not shown that the New York forum would be so inconvenient as to deny him fair resolution of the dispute. Neither has Plaintiff shown that a New York court would treat him unfairly. Therefore, the forum selection clause cannot be invalidated on inconvenience grounds.

### IV. CONCLUSION

Given the above analysis regarding fraud, public policy, and inconvenience regarding the forum selection clause, the Court holds that the clause is valid and enforceable. For the reasons discussed above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate Order shall enter.

Dated: 9/23/11 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge